FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
1/6/2022 10:11 AM
JAMIE SMITH
DISTRICT CLERK
A-209075

NO._____

| | |
|---|---|
| ENRIQUE MONTES D/B/A **§** | IN THE DISTRICT COURT |
| ENRIQUE MONTES DISTRIBUTOR **§** | |
| **§** | |
| VS. **§** | _____ JUDICIAL DISTRICT |
| **§** | |
| BLACKBOARD INSURANCE **§** | |
| COMPANY, PAUL SERAFIN and **§** | |
| KEVIN JOHNSON **§** | JEFFERSON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **ENRIQUE MONTES D/B/A ENRIQUE MONTES DISTRIBUTOR,** Plaintiff in the above-entitled and numbered cause and files this Plaintiff's Original Petition, complaining of **BLACKBOARD INSURANCE COMPANY, PAUL SERAFIN and KEVIN JOHNSON,** Defendants, and for cause of action would respectfully show unto the Court the following:

### Parties

1.      Plaintiff, Enrique Montes d/b/a Enrique Montes Distributor, is an individual doing business and who is domiciled in the state of Texas, and is appearing before this Court through his attorney of record.

2.      Defendant, Blackboard Insurance Company, is an insurance company operating in the State of Texas and may be served with process by serving its registered agent for service, Corporation Service Company, CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

3.      Defendant, Paul Serafin, is an individual employed by Blackboard Insurance Company, and may be served with process by serving his employer's registered agent for service, Corporation

1

Service Company, CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

4.      Defendant, Kevin Johnson, is an individual employed by Blackboard Insurance Company, and may be served with process by serving his employer's registered agent for service, Corporation Service Company, CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

## Discovery Plan

5.      This matter is governed by Discovery Plan Level 2.

## Jurisdiction and Venue

6.      The subject matter in controversy is within the jurisdictional limits of this court.

7.      Plaintiff seeks:

>        a.   monetary relief in an amount over $1,000,000.00;
>
>        b.   a demand for judgment in that amount.

8.      Venue is proper in Jefferson County, because all of the Defendants' acts and omissions occurred in Jefferson County, Texas, according to Texas Civil Practice and Remedies Code Section 15.002(a)(1). All matters at issue arise in Jefferson County, Texas.   The jurisdictional amounts are within the jurisdictional limits of this Court.

## Facts

9.      On or about August 27, 2020, Plaintiff sustained substantial damage to its business personal property (food inventory loss) located at 7394 College Street, Beaumont, Jefferson County, Texas, as a result of **Hurricane Laura.**  This loss and then the subsequent non-payment by Defendants caused Plaintiff's business to fail, which cost the Plaintiff hundreds of thousands of future lost revenue.

2

10.     Plaintiff reported this loss to its insurance company, Blackboard Insurance Company, (hereinafter referred to as "Blackboard Insurance"), who set up Claim No. ATUN-4045A9. Blackboard Insurance conducted an initial, outcome-oriented, inspection through adjusting adjusters, Paul Serafin and Kevin Johnson. Defendants then issued a denial letter on the claim (citing various provisions in the policy). *See Exhibit 1.* In accordance with Texas law, Defendants should have been actively searching for coverage under the insurance policy (instead of trying to find various exclusion provisions in an effort to deny the claim and not pay policy benefits). This insurance policy covers "SPOILAGE." *See Exhibit 2.*

11.     Plaintiff's property was covered by a policy of insurance issued by the Defendant, Blackboard Insurance under Policy No. EMRLDPRSNLSOL00001HIBP-41776-01.   Plaintiff provided notice of loss under the insurance policy at issue.. Defendants, Blackboard Insurance Company, Paul Serafin and Kevin Johnson, set up the claim and inspected Plaintiff's property and adjusted Plaintiff's loss (Claim No. ATUN-4045A9). Despite receiving proper notice and Plaintiff's compliance with the requirements of the policy of insurance, Defendants did not conduct reasonable investigations and/or inspections of the premises and failed to make reasonable attempts to pay full benefits due and owing under the policy of insurance and claims at issue. Defendant did not issue its decision letter until December 4, 2020 (which is more than three (3) months after the loss). *See Exhibit 1.*

12.     Defendants knowingly and intentionally minimized Plaintiff's claims, in part, and failed to fully compensate Plaintiff for the wind-related (storm related) losses when the insurance carrier's liability was reasonably clear. Defendants, Blackboard Insurance Company, Paul Serafin and Kevin Johnson, failed to report the entire wind/storm loss thereby minimizing payment to Plaintiff on the claim. Defendants, Blackboard Insurance Company, Paul Serafin and Kevin Johnson, failed to fully

3

calculate the nature, extent, and amount of the wind/storm loss, again in an effort to minimize the payment to Plaintiff.

13.     Defendants, Blackboard Insurance Company, Paul Serafin and Kevin Johnson, misrepresented both the nature and extent of the damages caused by the wind/storm and grossly underpaid Plaintiff based on the value of the property; all leading to a substantial underpayment of policy benefits to Plaintiff...........by and through the specific acts/omissions committed by, Paul Serafin and Kevin Johnson:

      a.    Not addressing any or all of the covered losses/ "spoiled" inventory;

      b.    Not paying for contents and business income losses;

      c.    Not authoring a reasonable estimate based on the extent of the loss(es);

      d.    Failing to timely issue a decision letter;

      e.    Failing to timely pay the proper/full payment;

      f.    Authoring fraudulent letter(s) that misrepresent the coverage under the insurance policy;

      g.    Drafting, authoring, and creating letters for the improper payment amount;

      h.    Mailing letters with the improper payment amount;

      i.    Failing to pay mandatory statutory interest on all under-payments once the Ins. Code Demand letter was mailed.

14.     The above referenced facts document a clear breach of the terms of the contract (to pay for covered losses/damage), as well as a clear breach of Defendants' duty of good faith and fair dealing.

15.     As detailed in the above paragraphs, Blackboard Insurance wrongfully adjusted Plaintiff's losses (spoiled inventory). Furthermore, Blackboard Insurance underpaid Plaintiff's claims by not

4

providing full coverage for the damage sustained by the Plaintiff as well as under 'scoping' the damages during its investigation. Additionally, Blackboard Insurance continues to delay in the full payment of damages to the structural damages and statutory interest..............Plaintiff sent its 60-day Insurance Notice to Defendants on May 21, 2021. *See Exhibit 3.* Furthermore, Defendants, Blackboard Insurance Company, Paul Serafin and Kevin Johnson, failed to comply with the Texas Insurance Code by not paying statutory interest on its initial underpayment.

16.     Defendant Blackboard Insurance failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Blackboard Insurance 's conduct constitutes a breach of the insurance contract between Blackboard Insurance and Plaintiff.

17.     Defendants, Blackboard Insurance Company, Paul Serafin and Kevin Johnson, misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants, Blackboard Insurance Company, Paul Serafin and Kevin Johnson's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(1).

18.     Defendants, Blackboard Insurance Company, Paul Serafin and Kevin Johnson, failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants, Blackboard Insurance Company, Paul Serafin and Kevin Johnson's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(2)(A).

20.     Defendants, Blackboard Insurance Company, Paul Serafin and Kevin Johnson, failed to **timely** explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants, Blackboard Insurance Company, Paul Serafin and Kevin Johnson, failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants, Blackboard Insurance Company, Paul Serafin and Kevin Johnson, did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants, Blackboard Insurance Company, Paul Serafin and Kevin Johnson's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(3).

21.     Defendants, Blackboard Insurance Company, Paul Serafin and Kevin Johnson, failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants, Blackboard Insurance Company, Paul Serafin and Kevin Johnson. Defendants, Blackboard Insurance Company, Paul Serafin and Kevin Johnson's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(4).

22.     Defendants, Blackboard Insurance Company, Paul Serafin and Kevin Johnson, refused to fully compensate Plaintiff, under the terms of the Policy, by failing to conduct a reasonable investigation. Specifically, Defendants, Blackboard Insurance Company, Paul Serafin and Kevin Johnson, performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the Property. Defendants, Blackboard Insurance Company, Paul Serafin and Kevin Johnson's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(7).

23.     Defendant, Blackboard Insurance, failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's full claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim.  Blackboard Insurance's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.055.

24.     Defendant, Blackboard Insurance, failed to accept or deny Plaintiff's full and entire claim within statutorily mandated time of receiving all necessary information.  Blackboard Insurance's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  Tex. Ins. Code §542.056.

25.     Defendant, Blackboard Insurance, failed to meet its obligations under the Texas Insurance Code regarding full payment of claim without delay.  Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for its claim. Blackboard Insurance's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  Tex. Ins. Code §542.058.

26.     From and after the time Plaintiff's claim was presented to Defendant, Blackboard Insurance, the liability of Blackboard Insurance to pay the full claim in accordance with the terms of the Policy was reasonably clear.  However, Blackboard Insurance has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Blackboard Insurance's conduct constitutes a breach of the common law duty of good faith and fair dealing.

27.     Defendants, Blackboard Insurance Company, Paul Serafin and Kevin Johnson, knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly

7

concealed all or part of material information from Plaintiff.

28.     As a result of Defendants, Blackboard Insurance Company, Paul Serafin and Kevin Johnson's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing them with respect to these causes of action. Plaintiff, through its attorney, notified Defendants of its claims. *See Exhibit A.*

## Causes of Action:

## Causes of Action Against Defendant, Blackboard Insurance Company, Only

29.     Defendant, Blackboard Insurance, is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of good faith and fair dealing.

## Anticipatory Breach

30.     Defendant, Blackboard Insurance, committed an anticipatory breach of the insurance contract thus relieving Plaintiff of any corresponding obligation on the contract. Defendant's denial of liability without justification was unreasonable and unjust.

## Breach of Contract

31.     Defendant, Blackboard Insurance's conduct constitutes a breach of the insurance contract made between Blackboard Insurance and Plaintiff.

32.     Defendant, Blackboard Insurance's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Blackboard Insurance's insurance contract with Plaintiff.

**Noncompliance with Texas Insurance Code**
**Unfair Settlement Practices**

33.    Defendant, Blackboard Insurance's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a). All violations under this article are made actionable by Tex. Ins. Code §541.151.

34.    Defendant, Blackboard Insurance's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(1).

35.    Defendant, Blackboard Insurance's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Blackboard Insurance's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(2)(A).

36.    Defendant, Blackboard Insurance's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for their offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(3).

38.    Defendant, Blackboard Insurance's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(4).

9

38.     Defendant, Blackboard Insurance's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(7).

**Noncompliance with Texas Insurance Code**
**The Prompt Payment of Claims**

39.     Defendant, Blackboard Insurance's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by Tex. Ins. Code §542.060.

40.     Defendant, Blackboard Insurance's failure to acknowledge receipt of Plaintiff's full claim, commence investigation of the full claim, and request from Plaintiff all items, statements, and forms that they reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of the Tex. Ins. Code §542.055.

41.     Defendant, Blackboard Insurance's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. Tex. Ins. Code §542.056.

42.     Defendant, Blackboard Insurance's delay of the payment of Plaintiff's full claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. Tex. Ins. Code §542.058.

**Breach of the Duty of Good Faith and Fair Dealing**

43.     Defendant, Blackboard Insurance's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

10

44.     Defendant, Blackboard Insurance's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Blackboard Insurance knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of good faith and fair dealing.

## Causes of Action Against Defendants, Paul Serafin and Kevin Johnson, Only

### Noncompliance with Texas Insurance Code
### Unfair Settlement Practices

45.     Defendants, Paul Serafin and Kevin Johnson's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)  All violations under this article are made actionable by Tex. Ins. Code §541.151.

46.     Defendants, Paul Serafin and Kevin Johnson's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code. §541.060(a)(1).

47.     Defendants, Paul Serafin and Kevin Johnson's settlement practice, as describe above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendants' liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(2)(A).

48.     Defendants, Paul Serafin and Kevin Johnson's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for their offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the

11

business of insurance. Tex. Ins. Code §541.060(a)(3).

49.    Defendants, Paul Serafin and Kevin Johnson's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060 (a)(4).

50.    Defendants, Paul Serafin and Kevin Johnson's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(7).

### Fraud Against Defendants, Blackboard Insurance Company, Paul Serafin and Kevin Johnson

51.    Defendants, Blackboard Insurance Company, Paul Serafin and Kevin Johnson, are liable to Plaintiff for common law fraud.

52.    Each and every one of the representations, as described above, concerned material facts for the reason Plaintiff would not have acted and which Defendants, Blackboard Insurance Company, Paul Serafin and Kevin Johnson, knew were false or made recklessly without any knowledge of their truth as a positive assertion. Each Defendant was engaged in the "business of insurance" at the time these fraudulent representations were made during the adjustment of Plaintiff's claim.

53.    The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, there causing Plaintiff to suffer injury and constituting common law fraud.

### Conspiracy to Commit Fraud Against Defendants, Blackboard Insurance Company, Paul Serafin and Kevin Johnson

54.     Defendants, Blackboard Insurance Company, Paul Serafin and Kevin Johnson, are liable to Plaintiff for conspiracy to commit fraud. Defendants, Blackboard Insurance Company, Paul Serafin and Kevin Johnson, were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiff, Defendants, Blackboard Insurance Company, Paul Serafin and Kevin Johnson, committed an unlawful, overt act to further the object or course of action. Plaintiff suffered injury as a proximate result of Defendants' acts/omissions. At all times, Defendants knew that their liability was reasonably clear, and still failed to properly handle the claim which constitutes a breach of the duty of good faith and fair dealing.

### Knowledge/Intent

55.     Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" as the terms are used in the Texas Insurance Code and were a producing cause of Plaintiff's damages described herein.

### Damages

56.     Plaintiff will show that all of the above referenced acts were the producing cause(s) of Plaintiff's damages. The damages caused by the wind/storm/hurricane and non-payment by Defendants have caused Plaintiff's business to fail. These damages are a result of Defendants' mishandling of Plaintiff's claim in direct violation of the laws detailed above.

57.     For Plaintiff's breach of contract cause of action, Plaintiff is entitled to the benefits it should have received under the policy of insurance in place at the time of the wind loss. Plaintiff is asking

for full benefits due and owing under the policy, along with its attorney's fees and expenses. Plaintiff is entitled to full policy benefits that are due and owing for its loss.

58.    For the violations of the Texas Insurance Code and Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the full benefits due and owing under the policy, attorney's fees and expenses and costs of court. Furthermore, because Defendants' acts were committed knowingly, Plaintiff is entitled to three times its actual damages.

59.    For violations of the Texas Insurance Code and Prompt Payment of Claims, Plaintiff is entitled to its damages, as detailed above and below, as well as ten percent statutory interest per year as damages, along with attorney's fees and expense.

60.    For breach of common law duty of good faith and fair dealing, Plaintiff is entitled to all damages, including those detailed above and below, as well as all forms of loss resulting from Defendants' breach of said duty, including but not limited to additional costs, losses due to nonpayment of the amount(s) owed under the policy, economic hardship, punitive damages, exemplary damages.

61.    For Defendants' fraudulent acts, Plaintiff is entitled to recover actual damages and exemplary damages for Defendants' knowingly making fraudulent representations, along with attorney's fees, interest, and costs of court.

62.    Plaintiff is also entitled to consequential damages for all causes of action, as Defendants' acts and omissions caused Plaintiff's business to fail.

63.    The acts and omissions of these Defendants have made it necessary for Plaintiff to retain undersigned counsel, and Plaintiff agreed to pay undersigned counsel reasonable and necessary attorney's fees, expenses, and costs of suit. Plaintiff's counsel has a forty percent (40%) contingent fee. When calculated on an hourly rate basis, however, at customary hourly rate charges in this

community, Plaintiff anticipates that attorney's fees and expenses incurred through a trial of this case will be approximately $250,000.00 to $350,000.00, in the discretion of the jury, and also that any necessary appellate attorney's fees and expenses will be approximately $15,000.00, or in an amount in the discretion of the jury. Plaintiff is entitled to recover its reasonable and necessary attorney's fees and expenses under applicable provisions of the Texas Insurance Code.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, that Plaintiff recover his actual damages, consequential damages, statutory damages and enhancements, punitive damages, attorney's fees, costs, expenses, interest, and for such other and further relief, at law or in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

**LINDSAY, LINDSAY & PARSONS**

John Pat Parsons
State Bar License No. 24065876
710 N. 11th Street
Beaumont, Texas 77702
409/833-1196
409/832-7040 (Fax)
jparsons@llptx.com

**ATTORNEY FOR PLAINTIFF,
ENRIQUE MONTES D/B/A
ENRIQUE MONTES DISTRIBUTING**

15



**sedgwick.**

12/4/20

Enrique Montes DBA Enrique Montes Distributor
Attn: Angelica /Enrique
7394 College St.
Beaumont, TX 77707

Re:   Insured:        Enrique Montes DBA Enrique Montes Distributor
      Claim#:         ATUN-4045A9
      Type of Loss:   Food Spoilage
      Location:       7394 College St. Beaumont, TX 77707
      Cause of Loss:  Power Outage from Windstorm/Food Spoilage
      Date of Loss:   8/26/20
      Policy#:        EMRLDPRSNLSOL00001HIBP-41776-01

Dear Angelica/Enrique,

Sedgwick, Inc. is an authorized third party administrator for property claims reported to Blackboard Insurance Company. We acknowledge receipt of your damage claim referenced above.

You have submitted a claim for a food spoilage loss that occurred at 7394 College St. Beaumont, TX 77707. Per details obtained from you regarding the loss, it was noted that your property sustained no physical loss or damage as a result of the storm, however, as the result of a power outage, you sustained a food spoilage loss. After review of this under your policy, The Blackboard Insurance Company respectfully declines your request for coverage due to the food spoilage loss from the power outage after the storm of 8/26/20. Following explains our coverage position.

Regarding the food spoilage claim as the result of a power outage, I refer you to policy form BP 00 03 01 10 Business Owners Coverage Form, which reads as follows:

**"B. Exclusions**

1. We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

Sedgwick
PO Box 183188, Columbus, OH 43218  |  412-505-2162  |  paul.serafin@sedgwick.com



EXHIBIT
1



**sedgwick**

**e. Utility Services**

The failure of power, communication, water or other utility service supplied to the described premises, however caused, if the failure:

    (1) Originates away from the described premises; or

    (2) Originates at the described premises, but only if such failure involves equipment used to supply the utility service to the described premises from a source away from the described premises.

Failure of any utility service includes lack of sufficient capacity and reduction in supply."

As the power outage originated away from the described premises, there is no coverage for this loss.

In addition, we also reviewed potential coverage for this claim under the Equipment Breakdown Endorsement on the policy. Per review by Kevin Johnson of HSB it was determined that they did not find damage to any equipment that caused the food spoilage loss.

Regarding this, I refer you to form HU 10 03 01 18 Equipment Breakdown which notes the following:

**A.** "The following is added to Paragraph A.3. Covered Causes of Loss in Section I – Property:

**Additional Coverage– Equipment Breakdown**

The term Covered Cause of Loss includes the Additional Coverage Equipment Breakdown as described and limited below. Without an "accident" or "electronic circuitry impairment", there is no Equipment Breakdown Coverage.

1. We will pay for direct physical damage to Covered Property that is the direct result of an "accident" or "electronic circuitry impairment". We will consider "electronic circuitry impairment. impairment" to be physical damage to "covered equipment".



**sedgwick**

An "Accident" is defined as follows in the form:

**E. DEFINITIONS**

The following definitions are added with respect to this endorsement only:

1. **"Accident"**

a. "Accident" means a fortuitous event that causes direct physical damage to "covered equipment". The event must be one of the following:

(1) Mechanical breakdown, including rupture or bursting caused by centrifugal force;
(2) Artificially generated electrical current, including electric arcing, that disturbs electrical devices, appliances or wires;
(3) Explosion of steam boilers, steam pipes, steam engines or steam turbines owned or leased by you, or operated under your control;
(4) Loss or damage to steam boilers, steam pipes, steam engines or steam turbines caused by or resulting from any condition or event inside such equipment; or
(5) Loss or damage to hot water boilers or other water heating equipment caused by or resulting from any condition or event inside such boilers or equipment…"

**6. "Electronic circuitry impairment"**

a. "Electronic circuitry impairment" means a fortuitous event involving "electronic circuitry"
within "covered equipment" that causes the "covered equipment" to suddenly lose its ability to function as it had been functioning immediately before such event. This definition is subject to the conditions specified in b., c. and d. below.

b. We shall determine that the reasonable and appropriate remedy to restore such "covered
equipment's" ability to function is the replacement of one or more "electronic circuitry" components of the "covered equipment".

c. The "covered equipment" must be owned or leased by you, or operated under your control.



d. None of the following is an "electronic circuitry impairment":
   (1) Any condition that can be reasonably remedied by:

   (a) Normal maintenance, including but not limited to replacing expendable parts, recharging batteries or cleaning;
   (b) Rebooting, reloading or updating software or firmware; or
   (c) Providing necessary power or supply.

   (2) Any condition caused by or related to:

   (a) Incompatibility of the "covered equipment" with any software or equipment installed, introduced or networked within the prior 30 days; or
   (b) Insufficient size, capability or capacity of the "covered equipment".

   (3) Exposure to adverse environmental conditions, including but not limited to change in temperature or humidity, unless such conditions result in an observable loss of functionality. Loss of warranty shall not be considered an observable loss of functionality."

Blackboard Insurance Company's coverage position is based on the information currently available to us. This letter is not, and should not be construed as, a waiver of any terms, conditions, exclusions or other provisions of the policy, or any other policies of insurance issued by Blackboard Insurance Company or any of its affiliates. Blackboard Insurance Company expressly reserves all of its rights under the policy, including the right to amend the above disclaimer to include any additional grounds for disclaimer of coverage, including but not limited to those set forth above, if subsequent information indicates that such action is warranted.

We hope this letter was helpful in identifying the coverage issues for this claim. This coverage position is based off of the facts known to date; if you have any additional information that could alter our coverage position, please send this to us for review and consideration.

Sincerely,

*Paul Serafin*
Paul Serafin
Sedgwick
paul.serafin@sedgwick.com

 **BLACKBOARD**

Administration Office: 120 Broadway, 17th floor, New York, New York 10271
Phone: 877.200.4872
Statutory Office: 1209 Orange Street, Wilmington, DE 19801

POLICY NUMBER:
EMRLDPRSNLSOL00001HIBP-41776-01

**BUSINESSOWNERS**
**SM DS 01 01 18**

# BUSINESSOWNERS POLICY DECLARATIONS

| Premises Information | | |
|---|---|---|
| Premises Number | Building Number | Premises Address: 7394 College Street, Beaumont, TX, 77707 |
| 1 | 1 | |

| Premises Number | Building Number | Mortgageholder Name: | Mortgageholder Address: |
|---|---|---|---|
| 1 | 1 | | |

**IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.**

| Description Of Business |
|---|
| Form Of Business: <br> [ ] Individual     [ ] Partnership     [ ] Joint Venture     [ ] Limited Liability Company <br> [X] Other _____ |
| Business Description: |

## SECTION I - PROPERTY

| Property Coverage Limits Of Insurance | | | | | | |
|---|---|---|---|---|---|---|
| Premises Number | Building Number | Type Of Property (Building Or Business Personal Property) | Actual Cash Value Of Building Option (Yes Or No) | Automatic Increase Building Limit (Percentage)** | Business Personal Property – Seasonal Increase (Percentage) | Limit Of Insurance* |
| 1 | 1 | Building | No | 2% | N/A | $400,000 |
| 1 | 1 | Business Personal Property | N/A | N/A | 25% | $15,000 |
| *Includes Automatic Increase Building Limit Percentage <br> **This percentage can only vary by premises, not by building. | | | | | | |



EXHIBIT
2
ALL-STATE LEGAL

| Blanket Insurance | |
|---|---|
| Indicate the type of property to be blanketed, property to be included, and the blanket limit of insurance. | |
| **Type Of Property** | **Limit Of Insurance** |
| | Specific Limits Apply |

| Deductibles (Apply Per Location, Per Occurrence) | | | |
|---|---|---|---|
| **Premises Number** | **Property Deductible** | **Optional Coverage (Other Than Equipment Breakdown Protection Coverage) Deductible** | **Windstorm Or Hail Percentage Deductible** |
| 1 | $ 1,000 | $ 1,000 | Not applicable |

| Coverage — Equipment Breakdown Protection Coverage Deductibles | |
|---|---|
| Location: Prem. No. 1, Bldg. No. 1 | |
| **Coverages** | **Limits** |
| Equipment Breakdown Limit | $ 415,000 |
| Data Restoration | $ 50,000 |
| Expediting Expenses | $ 50,000 |
| Hazardous Substances | $ 50,000 |
| Off Premises Equipment Breakdown | $ 25,000 |
| Public Relations | $ 5,000 |
| Spoilage | $ 50,000 |
| **Deductibles** | |
| Direct Coverages | $ 1,000 |
| Indirect Coverages | 72 hours |

| Theft Limitations — Optional Higher Limits (Per Policy) | | |
|---|---|---|
| **Description Of Property** | **Additional Premium** | **Limit Of Insurance** |
| Not Covered | | |

| Loss Or Damage To Customers' Autos (Legal Liability) | | |
|---|---|---|
| **Coverage** | **Additional Premium** | **Limit Of Insurance** |
| Loss Or Damage To Customers' Autos | Not Covered | Coverage Not Purchased |
| | | |

SM DS 01 01 18    Includes copyrighted material of Insurance Services Office, Inc. with its permission. © 2018 Blackboard U.S. Holdings, Inc. All Rights Reserved. May not be copied without permission.

# LINDSAY, LINDSAY & PARSONS

### ATTORNEYS AT LAW
710 NORTH 11TH STREET
BEAUMONT, TEXAS 77702
PHONE (409) 833-1196  FACSIMILE (409) 832-7840
www.llptx.com

**Barrett P. Lindsay**
blindsay@llptx.com
Partner

**John Pat Parsons**
jparsons@llptx.com
Partner

**Michael J. Lindsay**
mlindsay@llptx.com
Of Counsel

## TEXAS INSURANCE CODE NOTICE LETTER

May 21, 2021

Sedgwick on behalf of
York Risk Services Group, Inc.
Blackboard Insurance Company
Attention: Claims
Attention: Paul Serafin
Attention: Kevin Johnson (HSB)
Post Office Box 183188
Columbus, OH 43218-3188

*Via CM/RRR 7020 0640 0000 8196 5170*
*And Regular U.S. First Class Mail*

First Choice Insurance Services, LLC
Attention: Caren S. "Kay" Holloway
Attention: Madeline Bryant
350 Pine Street, Suite 220
Beaumont, Texas 77701
409-861-2007

*Via CM/RRR 7020 0640 0000 8196 5163*
*And Regular U.S. First Class Mail*

| Re: | | |
|---|---|---|
| Our Client | : | **Enrique Montes d/b/a Enrique Montes Distributor** |
| Claim No. | : | **ATUN-4045A9** |
| Policy No. | : | **EMRLDPRSNLSOL00001HIBP-41776-01** |
| Date of Loss | : | **08/27/2020** |
| Location of Loss | : | **7394 College Street** |
| | | **Beaumont, Texas 77707** |

Dear Above Referenced Companies/Individuals:

Please be advised my firm has been retained by **Enrique Montes d/b/a Enrique Montes Distributor**, with respect to losses as a result of the above referenced claim. It appears from our investigation Blackboard Insurance Company/Sedgwick never properly investigated the claim/losses nor paid full benefits that were due and owing under the policy for **Enrique Montes d/b/a Enrique Montes'** losses. Based on our client's contention that this claim has never been properly handled, we investigated this matter and found a significant underpayment due to SPOILAGE.



Your companies investigated this claim and then issued a full DENIAL LETTER on or about December 4, 2020. **See Exhibit 1.** The denial letter evidences Blackboard Insurance Company/Sedgwick's intent to avoid its duties under the policy after completion of the inspection/investigation. Coverage for this loss exists as is evidenced in the Multi Peril Binder as well as the insurance policy. **See Exhibits 2 and 3.**

As you know, an insurance company and its adjusters have a duty to act fairly and in good faith with their insureds. Unfair practices include such things as failing to attempt in good faith to arrive at a prompt, fair, and equitable settlement of a claim when the insurer's liability has become reasonably clear; and failing to provide a policy holder with a reasonable explanation of either the insurer's denial of a claim or offer to compromise a settlement within a reasonable time limit.

Please understand my client wishes to reach an amicable resolution to this matter without the burden or expense of litigation. However, any filing would seek damages for Ch. 541 and 542 Insurance Code violations, as well as breach of the duty of good faith and fair dealing, fraud and breach of contract. At trial, my client would be seeking recovery of all damages available under Texas law, including, but not limited to actual damages, statutory penalties (including 18% annual interest on all unpaid amounts), treble damages for "knowingly" underpaying these claims, as well as all interest, attorney's fees, costs and expenses incurred in prosecuting this matter.

**Enrique Montes d/b/a Enrique Montes Distributor** purchased an insurance policy from Blackboard Insurance Company by way of its insurance agent First Choice Insurance Services, LLC to protect this business and its business property from this type of loss. To date, Blackboard Insurance Company has not properly paid the benefits due and owing under the insurance policy. These acts are violations of the Insurance Code and are actionable under Texas law. Based on our review of the records, it does not appear that Blackboard Insurance Company properly handled this claim. The investigation and claims handling was consistent with that of an outcome oriented investigation and report; in an effort to minimize the amount of policy benefits Blackboard Insurance Company would pay.

Blackboard Insurance Company failed to take all damages (and policy coverages) into consideration when formulating its estimate(s), as the damage was clear as can be seen in the denial letter enclosed, and then failed to pay this claim fairly.

Notice is hereby given under Section 541.154 and Section 542/542A of the Texas Insurance Code that my clients have sustained economic damages, to date, in unpaid benefits that are due and owing. Based on the policy, the deductible ($1,000.00) and the non-payment ($0.00), your company still owes **Enrique Montes d/b/a Enrique Montes Distributor** :

- $21,910.27 in actual damages to structure (see **Exhibit 4**);
- $799,920.00 in consequential damages (see **Exhibit 5 and calculation below\***); and
- and attorney's fees and expenses in the amount of $5,000.00 (see **Exhibit 6**).

*Due to the non-payment of insurance proceeds for the spoilage loss, as referenced above, my client was forced to close his business. Blackboard Insurance Company's actions caused my client's business to go bankrupt. This business had been in existence for 12 years, and my client planned to operate the business for at least another 12 years. Based on the profitability of the company over the past three (3) years (average of $66,660.00 in profits per year), my client has been further damaged in the amount of $799,920.00 (future lost profits).

**Enrique Montes d/b/a Enrique Montes Distributor** was forced to hire my firm since Blackboard Insurance Company has yet to pay the full loss, which is due and owing. **Demand, prior to filing suit, is therefore made pursuant to the DTPA and Insurance Code for the amount of $826,830.27.**

It is the intention of **Enrique Montes d/b/a Enrique Montes Distributor** and this firm that no binding settlement exists until any proposal and acceptance are both (i) reduced to a written settlement agreement approved by all parties to the settlement, (ii) signed by all parties for which the settlement agreement contemplates signature, and (iii) until all conditions or events required by the settlement agreement are fully satisfied. Neither this compromise settlement proposal or the accompanying facts and analysis contained in this document shall be construed as an admission or will be admissible at trial.

Please be advised that under the Insurance Code an award of court costs and reasonable and necessary attorney's fees is mandatory to an insured who prevails in such a lawsuit. Please be further advised that treble damages may be awarded at trial in the event that the jury finds that actionable conduct was committed "knowingly."

This demand will remain open for statutorily allotted sixty (60) day period at which time if no response is received, the demand will expire and we will proceed in a manner that will fully protect our client's legal rights. Please contact my office at your earliest convenience to discuss settlement of these claims.

I appreciate your immediate attention to this matter. Since my client is represented by counsel, please direct all future communications directly to the undersigned. I look forward to hearing from you in the very near future.

Very truly yours,

JOHN PAT PARSONS

Attachment:  *Exhibit 1: Denial Letter*
*Exhibit 2: Insurance Binder*
*Exhibit 3: Insurance Policy*
*Exhibit 4: Spoilage Loss (Calculation)*
*Exhibit 5: 2017, 2018, 2019 Tax Returns*
*Exhibit 6: Contemporaneous Attorney Time Records*

cc:    Enrique Montes d/b/a Enrique Montes Distributor